THE STATE, JOSEPH WHARTON, PROSECUTOR, v. SAMUEL SORDEN ET AL.

1. The failure of surveyors of the highway, appointed for the purpose of laying out a public road, to meet at the time and place directed by the court which appoints them, will invalidate all proceedings taken by them in laying out such road.

2. The designation by the court of a township or village as the place of meeting of such surveyors, without more, is too indefinite. The statute requires that the particular building in which the meeting is to be held should be specified by the court.

---

On *certiorari.* In matter of road.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Jerome B. Grigg.*

For the defendants, *W. Holt Apgar.*

The opinion of the court was delivered by

GUMMERE, J. This writ brings up for review the appointment of surveyors to lay out a public road in the county of Burlington, and their return of their proceedings under such appointment.

The principal reasons upon which we are asked to set aside these proceedings are that the Court of Common Pleas, in the order appointing the surveyors, failed to designate with sufficient accuracy the place where they should meet for the purpose of discharging their official duties, and that the surveyors disregarded the mandate of the court as to the hour of their meeting.

The Road act (*Gen. Stat.*, § 119, *p.* 2828) declares that the surveyors must meet at *such time and place* as the court shall direct.

A reasonable compliance with this provision is a prerequisite to the further performance by the surveyors of their duties. Its object is to give to all persons interested an opportunity to appear before the surveyors and resist the laying out of the road if they desire to do so. *In re Johnson,* 20 *Vroom* 381. In the case now under review, the order of appointment required the surveyors to " meet at Hampton on the eighth day of November next, at the hour of ten in the forenoon." Instead of meeting at Hampton, at the time mentioned in the order, they met three miles from that place, at the farm-house of Samuel Sorden, one of the applicants for this road, and did not meet at Hampton until two o'clock in the afternoon, when they stopped there at a private residence, for the purpose of dining, and afterwards making out their return. Their failure to meet at the place named in the order until so long a time after the hour designated therein, invalidates all subsequent proceedings of the surveyors, and they should for this reason be set aside.

The order of appointment, also, is defective. A compliance with the statute requires not only that the township or village in which the surveyors are to meet should be designated by the court, but that the building in which such meet-

ing is to be held should also be specified. For failure to comply with this requisite of the statute, this court held (*In re Johnson, supra*) that the return of the surveyors could not be sustained.

The return of the surveyors, as well as their order of appointment, is set aside. The prosecutor is entitled to costs.